FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 03 2007

JAMES N. HATTEN, CLERK
By:  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HAMLET BAGHDASARYAN, | : | |
| INMATE NO. 78758127, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | MOTION TO STAY |
| | : | |
| | : | CIVIL ACTION NO. |
| MICHAEL CHERTOFF and | : | 1:07-CV-1463-TCB-JFK |
| FELICIA SKINNER, | : | |
|     Respondents. | : | |

## ORDER AND OPINION

Petitioner has submitted a motion to stay deportation. (Doc. 1). Petitioner states that he is citizen of Armenia, and on May 9, 2003, he was ordered to be removed from the United States. (Id. at ¶ 9). Based on new information related to the United Nations Convention Against Torture, Petitioner successfully petitioned to have his case re-opened. (Id. at ¶¶ 10-11). Petitioner's case is currently pending before the Board of Immigration Appeals ("BIA"). (Id. at ¶ 11). However, allegedly "due to mis-communication with respect to the content and format," the BIA denied Petitioner's request to stay deportation. (Id.). Accordingly, Petitioner now moves this Court to stay his removal from the United States until the BIA completes its review of Petitioner's case. (Id. at ¶ 13).

AO 72A
(Rev.8/82)

Petitioner avers that removal to Armenia would "immediately and directly place . . . [his] life and liberty in jeopardy in no uncertain terms." (Id. at ¶ 14). Petitioner does not provide specific facts suggesting a basis for finding that his life and liberty would be in jeopardy in Armenia.

In determining whether to grant a motion to stay in a situation similar to the instant case, the United States Court of Appeals for the Eleventh Circuit described the standard for granting relief as follows:

> Under the traditional test for injunctive relief, an alien must prove that: (1) there is a substantial likelihood he would ultimately prevail on the merits; (2) he would suffer irreparable injury unless the injunction issued; (3) the threatened injury outweighed whatever damage the proposed injunction would cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.

Dorelien v. U.S. Attorney General, 317 F.3d. 1314, 1315 n.1 (citing Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir.1985)).

In Dorelien, the petitioner, as here, sought relief from removal based on the United Nations Convention Against Torture on the basis that "it is more likely than not that he would be subjected to torture if removed to Haiti." Id. at 1315. Despite being found guilty, in absentia, of mass murder sometime after 1995, the

2

Eleventh Circuit found that the petitioner had failed under the traditional test, to show that he would likely be tortured. Id.

The Eleventh Circuit also noted that a recent change in the law may require an alien who seeks injunctive relief to provide "clear and convincing evidence." Id. (quoting 8 U.S.C. § 1252(f)(2)).  Title 8 U.S.C. § 1252(f)(2) provides: "Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law."

In the instant motion, Petitioner has not proffered any evidence suggesting he would be subject to torture in Armenia.  While it is axiomatic that a district court should accept as true facts alleged in an initial pleading for relief, a district court should not accept the truth of conclusions which may be couched as facts. Papasan v. Allain, 478 U.S. 265, 286 (1986); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

Regardless of whether the traditional test for granting for injunctive relief or the standard found in § 1252(f)(2) is applied, Petitioner has not made an initial

3

AO 72A
(Rev.8/82)

showing that there is a substantial likelihood that he will succeed on the merits of his claim that his life would be placed in jeopardy upon his return to Armenia. Due to Petitioner's pro se status, this Court finds that the instant motion to stay deportation should be denied without prejudice. Should Petitioner have facts to support his claim, he may file a new motion with this Court.

**IT IS ORDERED** that Petitioner's motion to request a stay of deportation on an emergency basis [Doc. 1] is **DENIED WITHOUT PREJUDICE** and this action is **DISMISSED WITHOUT PREJUDICE**. For the purpose of dismissal only, Petitioner's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.[1]

IT IS SO ORDERED, this 3d day of July, 2007.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

---

[1] This Court notes that while Petitioner's request to file this action as an indigent is being granted for the sole purpose of dismissal, Petitioner's financial affidavit did not convey sufficient information to determine whether he could afford to pay the $5.00 filing fee. Should Petitioner seek relief in this Court in the future, he is advised to submit a financial affidavit indicating the funds he has available in his inmate account.

4