

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HAMLET BAGHDASARYAN, INMATE NO. 78758127,   Petitioner, | PRISONER HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | MOTION FOR TEMPORARY RESTRAINING ORDER and MOTION FOR WRIT OF MANDAMUS |
| MICHAEL CHERTOFF and FELICIA SKINNER,   Respondents. | CIVIL ACTION NO. 1:07-CV-1463-TCB-JFK |

## ORDER AND OPINION

On July 3, 2007, this Court entered an Order dismissing without prejudice Petitioner's motion for stay of deportation. (Doc. 4). Petitioner has now submitted a Fed. R. Civ. P. 65(b) motion for temporary restraining order and a motion for a verified writ of mandamus to supplement the Rule 65(b) temporary restraining order. (Docs. 2-3).

In Petitioner's motion for temporary restraining order ("TRO"), he alleges that the Bureau of Immigration's ("BIA's") decision to deny his motion to stay deportation was based on (1) their failure to "correspond with the Petitioner to ask specific questions with respect to the Petitioner's

new fact witnesses and evidence" and (2) an apparent failure to grant Petitioner's request for a "briefing schedule." (Doc. 3 at 1-2). Petitioner is seeking a briefing schedule in order to argue that his first counsel rendered ineffective assistance by mishandling the presentation of Petitioner's case during his original removal proceedings. (Id. at 2). Petitioner also desires more time to retain a "qualified specialist" to represent him during his appeal before the BIA. (Id. at 3). Petitioner neither offers any facts to support his conclusion that previous counsel "mishandled" Petitioner's case nor attempts to explain what information will be provided by his new witnesses and evidence. (Id.).

Petitioner's primary goal in seeking a TRO is to prevent the Department of Homeland Security from removing him to Armenia before the appeal process is completed. (Id. at 2-3). Petitioner also asks this Court to order the BIA's "Stay Department" to set a briefing schedule which corresponds to Petitioner's previously, and still pending, requested briefing schedule. (Id. at 3).

2

As this Court previously informed Petitioner, the United States Court of Appeals for the Eleventh Circuit described the standard for granting Petitioner's requested relief as follows:

> Under the traditional test for injunctive relief, an alien must prove that: (1) there is a substantial likelihood he would ultimately prevail on the merits; (2) he would suffer irreparable injury unless the injunction issued; (3) the threatened injury outweighed whatever damage the proposed injunction would cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.

Dorelien v. U.S. Attorney General, 317 F.3d 1314, 1315 n.1 (citing Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir.1985)); Fed. R. Civ. P. 65(b) (requiring that "specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result").

In Dorelien, the petitioner, as here, sought relief from removal based on the United Nations Convention Against Torture on the basis that "it is more likely than not that he would be subjected to torture if removed to Haiti." Dorelien, 317 F.3d at 1315. Despite being found guilty, in absentia, of mass murder sometime after 1995, the Eleventh Circuit found that the petitioner had failed under the traditional test, to show that he would likely be tortured. Id. In the instant case,

3

Petitioner offers no facts suggesting that he would be subject to torture in Armenia.

The Eleventh Circuit also noted that a recent change in the law may require an alien who seeks injunctive relief to provide "clear and convincing evidence." Id. (quoting 8 U.S.C. § 1252(f)(2)). Title 8 U.S.C. § 1252(f)(2) provides: "Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." Petitioner, who fails to meet the traditional standard for granting a TRO, does not allege the required clear and convincing facts necessary to meet the new standard for granting an alien injunctive relief.

As previously noted, Petitioner has not proffered any evidence suggesting he would be subject to torture in Armenia. While a district court should accept as true facts alleged in an initial pleading for relief, a district court should not accept the truth of conclusions which may be couched as facts. Papasan v. Allain, 478 U.S. 265, 286 (1986); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts). Accordingly, Petitioner's motion for a TRO should be denied without prejudice.

4

As Petitioner was informed when this Court denied his motion to stay deportation, he may file a new action if he has any facts to support his conclusions.

In his motion for a writ of mandamus, Petitioner asks this Court to review the lawfulness of his continued detention because he has been held more than six months, and the government has been unable to effectuate his removal to Armenia. (Doc. 4 at 1). Petitioner does not offer any facts suggesting that the government will be unable to remove him. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (an alien held for more than six months under a final Order of Removal is required to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" before the government is required to respond). Here, the only reason offered by Petitioner for the government's failure to remove him is that he is continuing to resist removal to Armenia. When an alien acts to prevent his or her removal, the government may continue to detain the alien. See 8 U.S.C. § 1231(a)(1)(C); Akinwale v. Ashcroft, 287 F.3d 1050 (11th Cir. 2002).

Petitioner also complains that that BIA has failed to provide him with "a copy of each page of his own travel document," failed to provide him with a copy of forms I-213 and I-831, failed to grant him a bond hearing despite his case being

5

re-opened and the litigation of his case "will continue for more than six months," and denied him a "reasonable opportunity" to obtain "counsel of his choice." (Id. at 2). As relief, Petitioner asks this Court to issue a writ of mandamus to "supplement" his motion for a temporary restraining order. (Id. at 3). While Petitioner does not explain how granting him a writ of mandamus will supplement his motion for a temporary restraining order, it appears that mandamus is being sought to further guarantee him an opportunity to have his appeal before the BIA resolved prior to the government removing him from the United States. (Id.).

First, as this Court has found that Petitioner's motion for a TRO should be denied, there is no TRO for Petitioner's request for mandamus relief to supplement. Further, mandamus is a "drastic" remedy which is authorized in only "extraordinary situations." In re Paradyne Corp., 803 F.2d 604, 612 (11th Cir. 1986) (per curiam). Mandamus is appropriate to remedy a clear usurpation of power or abuse of discretion, "when no other adequate means of obtaining relief is available." Id. Petitioner has failed to identify any facts which satisfy these criteria. For example, the BIA may yet grant Petitioner his pending briefing schedule request, and therefore, he has failed to demonstrate that no other adequate relief is available. Additionally, Petitioner, who states that he has

6

counsel on "standby" [Doc. 4 at 1], is not entitled to be appointed counsel of his choice. Morris v. Slappy, 461 U.S. 1, 23 n.5 (1983). Petitioner also fails to explain why he has not been able to retain more expert representation within the time-frame granted him by the BIA.

Petitioner has not demonstrated that he is entitled to a writ of mandamus. However, as this Court has previously concluded that Petitioner's stay of deportation and motion for TRO should be denied without prejudice, his request for a writ of mandamus should also be denied without prejudice.

**IT IS ORDERED** that Petitioner's Motion for Rule 65(b) temporary restraining order [Doc. 3] and a motion for a verified writ of mandamus to supplement motion for Rule 65(b) temporary restraining order [Doc. 4] are **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 13th day of July, 2007.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)